IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>)<br>vs. )<br>)<br>)<br>NATIONAL BANK OF COMMERCE, )<br>)<br>)<br>Defendant. ) | NO.: 05-2382 B/An |

## REPORT AND RECOMMENDATION

On September 1, 2005, United States District Judge J. Daniel Breen referred Defendant's Motion for Default Judgement for a hearing on damages and for a report and recommendation to enable that court to enter a default judgment to the United States Magistrate Judge. The United States Magistrate Judge subsequently issued an order setting the matter for a hearing on October 13, 2005 at 10:30 A.M. The Defendant/Third Party Plaintiff then filed a motion asking the Court to continue the hearing and to make a recommendation to the United States District Judge that default judgment be entered in favor of Defendant/Third Party Plaintiff against the Third Party Defendants on the issue of liability only.

The Court granted the Defendant/Third Party Plaintiff's Motion in part, continuing the hearing until Wednesday, October 19, 2005 at 10:00 A.M. At the hearing, the Court was made aware of a Motion to Dismiss Third Party Complaint that has been filed by the Plaintiff. Among other things, the Plaintiff contends that the Court does not have subject matter jurisdiction over

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on 11-4-05



the Third Party Defendants because the Defendant's allegations against the Third-Party Defendants do not raise a federal question nor is there diversity jurisdiction because all parties reside in the Western District of Tennessee. This motion has not been ruled upon by United States District Judge J. Daniel Breen

Courts may not enter default judgments against parties when they do not have subject matter jurisdiction over the issues before them. *Bell & Beckwith v. U.S., I.R.S.*, 766 F.2d 910 (6th Cir.) (Judgment entering a default judgment and levying sanctions against appellant was reversed because federal court did not have subject matter jurisdiction where plaintiff's interpleader claim was based solely on state law.). See generally *Marshall v. Bowles*, 2004 U.S. App. LEXIS 5038 (6th Cir.); *Walker v. Henderson*, 2001 U.S. App. LEXIS 2468 (6th Cir. 2001); *United States ex. rel. General Elec. Supply Co. v. U.S. Fid. & Guar. Co.*, 11 F.3d 577 (6th Cir. 1993).

Therefore, because the United States District Judge has not ruled upon Plaintiff's Motion to Dismiss Third Party Complaint due to lack of subject matter jurisdiction, the Court recommends that default judgment not be entered against the Third Party Defendants at this time.

ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN TEN (10) DAYS FROM THE DATE OF SERVICE OF THE REPORT. FAILURE TO FILE THEM WITHIN TEN (10) DAYS OF SERVICE MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.

**IT IS SO ORDERED.**

S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES MAGISTRATE JUDGE

Dated: November 03, 2005

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 38 in case 2:05-CV-02382 was distributed by fax, mail, or direct printing on November 4, 2005 to the parties listed.

---

Larry Montgomery
GLANKLER BROWN, PLLC
One Commerce Square
Suite 1700
Memphis, TN 38103

Jeremy G. Alpert
GLANKLER BROWN
One Commerce Sq.
Ste. 1700
Memphis, TN 38103

M. Ronald McMahan
Nelson, Mullins, Riley & Scarborough, LLP
Meridian, 17th FL.
1320 Main St.
Columbia, SC 29201

Steven A. McKelvey
Nelson, Mullins, Rogers & Scarborough, LLP
P.O. Box 11070
Columbia, SC 29211--001

Dara B. Oliphant
U.S. Department of Justice Tax Division
P.O. Box 227
Ben Franklin Station
Washington, DC 20044

Honorable J. Breen
US DISTRICT COURT