IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                           No. 05-2382 B

NATIONAL BANK OF COMMERCE,

    Defendant/Third-Party Plaintiff,

v.

SPECIALTY FOODS, LLC and PAUL T. CAPPS,

    Third-Party Defendants.
_____

ORDER DENYING PLAINTIFF'S MOTION TO DISMISS THIRD-PARTY COMPLAINT
_____

    The Plaintiff, the United States of America (the "USA" or the "Government"), originally brought this action pursuant to 26 U.S.C. § 6332(d) against the Defendant, National Bank of Commerce ("NBC"), in the United States District Court for the Middle District of North Carolina. The matter was transferred to this Court on May 16, 2005. On May 24, 2005, the Defendant filed its answer along with a third-party complaint against Specialty Foods, LLC and Paul T. Capps (collectively, the "Third-Party Defendants"). The Plaintiff seeks in the instant motion dismissal of the third-party complaint under Rule 12(b)(1) of the Federal Rules of Civil Procedure, which permits dismissal of a complaint for "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1).

    The Government has alleged that on October 29, 2003 the Internal Revenue Service ("IRS") mailed a notice of levy to NBC in connection with $243,382.68 in unpaid taxes owed by Specialty Foods, LLC, which was received by the Defendant on or about November 4, 2003. A second levy

notice was forwarded to NBC by the IRS on November 7, 2003 via facsimile and received the same day.  The Government alleges that, although Specialty Foods, LLC had in excess of $207,000.00 in its account at NBC as of November 7, 2003, Capps, Specialty Foods' chief manager, withdrew all but just over $500 from the account the following day.  On January 22, 2004, the IRS served a final demand upon NBC in the amount of $248,382.68.  NBC delivered $564.96, apparently the amount remaining in the account, to the IRS on January 27, 2004.  The Government claims that, by failing to surrender the property referenced in the levy and permitting its depositor to withdraw funds from the levied account, NBC failed to comply with the requirements of § 6332 and violated its fiduciary duty to the USA.

In its third-party complaint, NBC sought to impose liability on the Third-Party Defendants, its depositors, to the extent it is found liable to the Government under the theories of contribution, indemnity, implied contract, negligence, restitution, unjust enrichment, moneys had and received, and quantum meruit.  It is the position of the USA in the instant motion that this Court lacks subject matter jurisdiction over NBC's claims against the Third-Party Defendants because § 6332 imposes liability only on NBC and not on the taxpayer.

The Internal Revenue Code (the "Code") permits the IRS to collect unpaid taxes pursuant to levy.  26 U.S.C. § 6331(a); United States v. General Motors Corp., 929 F.2d 249, 251 (6th Cir. 1991), reh'g denied (Aug. 15, 1991).  With respect to a taxpayer's property that is held by another, such as a bank, notice is served by the IRS upon that party under § 6332.  See 26 U.S.C. § 6332(a).  "This notice of levy gives the IRS the right to all property levied upon, and creates a custodial relationship between the person holding the property and the IRS so that the property comes into the constructive possession of the Government."  General Motors Corp., 929 F.2d at 251 (quoting

United States v. National Bank of Commerce, 472 U.S. 713, 720, 105 S.Ct. 2919, 2924, 86 L.Ed.2d 565 (1985)) (internal quotation marks omitted).  "The levy is merely a provisional remedy that 'does not determine whether the Government's rights to the seized property are superior to those of other claimants.'"  Weissman v. United States Postal Serv., 19 F.Supp.2d 254, 260 (D.N.J. 1998) (citing National Bank of Commerce, 472 U.S. at 721, 105 S.Ct. 2919).

> Under 26 U.S.C. § 6332(d), if the custodian of the taxpayer's property honors the levy, the custodian is discharged from any obligation or liability to the delinquent taxpayer with respect to such property or rights to property arising from such surrender or payment.  However, if the custodian refuses to surrender the property in response to the levy, he is personally liable to the government in an amount equal to the value of the property not surrendered.  The custodian has two defenses for failure to comply with a tax levy:  1) the custodian is not in possession of the taxpayer's property; or, 2) the property is subject to a prior judicial attachment or execution.

General Motors Corp., 929 F.2d at 251 (internal citations and quotation marks omitted).

While the Court agrees with the USA's assertion that the Third-Party Defendants are not liable under § 6332, Fed. R. Civ. P. 14(a) nonetheless permits a defendant to "cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff."  The Government does not argue that the Third-Party Defendants may not be liable to NBC for all or some portion of the financial institution's liability to the Government in this lawsuit.  Nor does it refer the Court to any section of the Code prohibiting a § 6332 defendant from seeking contribution, indemnity or similar relief from its depositor.  Indeed, third-party actions have arisen in similar contexts.  See Virgin Islands Bureau of Internal Revenue v. Chase Manhattan Bank, 312 F.3d 131, 134 (3d Cir. 2002) (bank defendant in § 6332 action by IRS permitted to bring in depositor/taxpayer as third-party defendant); United States v. Bank of the West, No. C-98-20086-JF (PVT), 1998 WL

1013426, at *2, 4 (Dec. 18, 1998) (bank defendant counterclaimed against depositor/taxpayer for negligence, breach of fiduciary duty and indemnity in suit by the government for failure to honor levy).

Moreover, the Sixth Circuit has articulated that "[i]t is well settled that supplemental jurisdiction exists over a properly brought third-party complaint." Grimes v. Mazda N. Am. Operations, 355 F.3d 566, 572 (6th Cir. 2004), reh'g en banc denied (Mar. 15, 2004). "[A] court has ancillary jurisdiction of [such a complaint] without regard to whether there is an independent basis of jurisdiction, . . . so long as the court has jurisdiction of the main claim between the original parties." King Fisher Marine Serv., Inc. v. 21st Phoenix Corp., 893 F.2d 1155, 1158 (10th Cir.), cert. denied sub nom. Langan Eng'g Assoc., Inc. v. 21st Phoenix Corp., 496 U.S. 912, 110 S.Ct. 2603, 110 L.Ed.2d 283 (1990); see also Grimes, 355 F.3d at 572 (citing King Fisher Marine Serv.).

For the reasons set forth herein, the motion is DENIED.

IT IS SO ORDERED this 3rd day of February, 2006.

                              s/ J. DANIEL BREEN
                              UNITED STATES DISTRICT JUDGE